Jordan R. Jaffe, SBN 254886
jjaffe@wsgr.com
Stephanie C. Cheng, SBN 319856
stephanie.cheng@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Telephone: 415.947.2000
Facsimile: 866.974.7329

*Attorneys for Defendants Nithin Parsan, David Li, HB 383, LLC, and ARCX Bio LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BENCHLING, INC.<br><br>Plaintiff,<br><br>v.<br><br>NITHIN PARSAN; DAVID LI; HB 383, LLC; and ARCX BIO LLC;<br><br>Defendants. | Case No. 3:26-cv-11898-RS<br><br>**DECLARATION OF NITHIN PARSAN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

I, Nithin Parsan, declare the following:

1. I am a Defendant in this matter. I make this declaration in support of Defendants Nithin Parsan, David Li, HB 383, and ArcX Bio LLC's Motion to Compel Arbitration and Stay Proceedings. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify hereto.

2. In connection with my former employment at Benchling, Inc., on April 8, 2026, I signed the Confidential Information and Invention Assignment Agreement ("CIIAA"). On the same day, I signed the Mutual Arbitration Agreement ("MAA"). I understood the CIIA incorporated the MAA by reference. I signed both documents through DocuSign on my own behalf. A Benchling representative countersigned the MAA on behalf of Benchling. Attached hereto as Exhibit A is a true and correct copy of the MAA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 16, 2026, in San Francisco, California.

Signed by:
Nithin Parsan
B991B21B0D8441D...

Nithin Parsan

# Exhibit A

# ARBITRATION PROGRAM

## Program Overview

In the rare case when disputes arise between Benchling, Inc. (the "Company") and its employees, arbitration provides both parties with an expedient alternative to costly and time-consuming litigation. In arbitration, claims are heard by a neutral third-party called an arbitrator. The parties are entitled to have their own attorneys represent them at the arbitration. Some of the benefits of arbitration are that it is generally a faster way of resolving disputes and less expensive for both sides. Arbitration also often provides a much greater level of privacy for both parties. The Company will pay the arbitrator's fees and any administrative and/or filing fees unique to the arbitration.

Attached is a copy of the Company's agreement with its employees to mutually arbitrate disputes, entitled the Mutual Arbitration Agreement ("Agreement"). All employees of the Company are asked to sign the Agreement and by continuing to work for the Company you will be bound by the Agreement.

It is important to note that by signing this Agreement, you are not giving up all of your rights as an employee, but only agreeing that both you and the Company will waive rights to have disputes heard by a judge and/or jury in the court system. You also waive your right to file or participate in a class or collective action, and except as otherwise set forth in the Agreement or as required by law, a representative action. However, you can still file claims against the Company individually in arbitration.

Under this Agreement, for individual claims, the arbitrator would follow the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules"), and be entitled to award relief that is similar to the relief available in court. For a Mass Arbitration, the arbitrator would follow the JAMS Mass Arbitration Procedures and Guidelines ("Mass Arbitration Rules"). A copy of the JAMS Rules and Mass Arbitration Rules can be accessed online at http://www.jamsadr.com/rules-employment-arbitration and/or from Benchling's People team by email at hr@benchling.com, with a copy to Benchling's Legal team at legal@benchling.com and/or by certified mail to Attn: General Counsel, Benchling, Inc., 680 Folsom St, 8th floor, San Francisco, CA 94107. Of course, there will be no retaliation against any employee who asks to review the JAMS Rules and/or Mass Arbitration Rules, or who asks questions about this process.

Below is a list of Questions & Answers about the Agreement. If you have any other questions, please contact the People team at hr@benchling.com.

Finally, please sign this memorandum below and return a copy to the Company, which will confirm that you received a copy of this memorandum, the list of Questions & Answers, and the Agreement itself, on the date set forth below.

## Acknowledgment

I received a copy of this memorandum, the list of Questions & Answers, and the Agreement.

Signed by:
Nithin Parsan
08F711E40A834E3...

Sign Your Name Here

Nithin Parsan

Print Your Name Here

Apr 8, 2026

Date

Questions & Answers

What is the attached document? It is a Mutual Arbitration Agreement (the "Agreement").

What is arbitration? It is a legal process where the parties agree that any disputes between the parties that cannot be resolved informally must be resolved by a neutral third party called an arbitrator, instead of before a judge or jury in court. The parties are entitled to be represented by their own legal counsel at the arbitration. After reviewing the evidence and considering the arguments of the parties, the arbitrator makes a written decision to resolve the dispute. There will be no trial by a judge or jury, and no appeal of the arbitrator's decision, except as provided by law.

Why is the Company using Mutual Arbitration Agreements? The Company believes that resolving disputes through mutual arbitration instead of civil litigation in court benefits both parties. Arbitration is typically faster and less expensive than civil litigation in court for both parties. Arbitration also often provides a much greater level of privacy for both parties.

Who will run the arbitration? An arbitration company called JAMS, whose website is at http://www.jamsadr.com You can obtain the JAMS Rules from that website and/or from Benchling's People team by email at hr@benchling.com, with a copy to Benchling's Legal team at legal@benchling.com and/or by certified mail to Attn: General Counsel, Benchling, Inc., 680 Folsom St, 8th floor, San Francisco, CA 94107. There will be no retaliation against you if you request a copy of the JAMS Rules.

Who pays the cost of arbitration? The Company will pay the arbitrator's fees and any other administrative fees unique to arbitration.

Can I still receive the same types of damages in arbitration that I would receive in court action? An arbitrator has authority to award the same relief that available to you in court. The arbitrator may also award attorneys' fees and costs to the same extent as a court.

What claims are not covered by the Agreement? The Agreement only covers claims that can be arbitrated under the law. For example, workers' compensation and unemployment claims are not subject to arbitration, so they are not covered by this Agreement.

Who has been asked to sign the Agreement? All employees.

Do I give up all of my rights to file claims against the Company under the arbitration process in the Agreement? No. You are not giving up your right to file individual claims, but you are agreeing that both you and the Company will give up the right to have disputes heard by a judge and/or jury in court. You also give up your right to file or participate in a class or collective action, and unless prohibited by law, a representative action. However, you can still file any individual claims against the Company in arbitration.

What if I have more questions? You may contact the People team at hr@benchling.com.

MUTUAL ARBITRATION AGREEMENT

Benchling, Inc. and its parents, subsidiaries, affiliates, related companies, officers, directors, employees, agents, representatives, shareholders, successors and assigns (collectively the "Company" or "Employer") and the Employee whose name appears below ("Employee", "You", "Your") (together the "Parties") hereby enter into the following Mutual Arbitration Agreement ("Agreement") through which the Parties mutually agree:

1. Arbitration Generally. The Parties agree to arbitrate all claims that may lawfully be arbitrated, including as set forth in Section 3 below, that the Parties may have against each other. In arbitration, each side in the dispute presents its case to a neutral third party called an arbitrator, rather than to a judge or jury in court. You and the Company are each entitled to be represented by their own legal counsel in the arbitration. After reviewing the evidence and considering the arguments of the Parties, the arbitrator will issue a written decision. There will be no trial by a judge or jury, and no appeal of the arbitrator's decision, except in the limited circumstances allowed under the Federal Arbitration Act.

2. Selection of Arbitrator. The Parties agree any arbitration shall be conducted before one neutral arbitrator selected by the Parties under the JAMS Employment Arbitration Rules & Procedures (the "JAMS Rules") then in effect. You may obtain a copy of the JAMS Rules by accessing the JAMS website at http://jamsadr.com, by requesting a copy of the JAMS Rules from the Company's People department by email at hr@benchling.com, with a copy to the Company's Legal department at legal@benchling.com and/or by certified mail to Attn: General Counsel, Benchling, Inc., 680 Folsom St, 8th floor, San Francisco, CA 94107. The arbitrator's decision shall be final and binding.

3. Claims Subject to Arbitration. This Agreement covers all past, present, and future disputes, claims, controversies, or defenses relating to, arising out of, or in connection with Employee's employment relationship with the Company or a Beneficiary Party (as defined below), including their employment with, application for employment with, and/or termination of employment from Company or a Beneficiary Party, except as set forth in Section 4 below ("Claims"). The Claims include but are not limited to: wrongful termination; discrimination; harassment; retaliation or whistleblower claims; breach of contract/covenant (including confidentiality agreements); violation of public policy or unfair competition; violation of non-compete clauses; violation of non-solicitation agreements; breach of fiduciary duty; theft, conversion, or misappropriation; violation of intellectual property rights, including trade secrets; emotional distress; fraud; misrepresentation; concealment, defamation, or any other tort or common law claims; privacy claims; all wage and hour claims, including but not limited to minimum wage, off the clock work, overtime, bonuses, commissions, meal/rest periods, sick pay, vacation, wage statements, reimbursement, penalties, benefits; violation of any federal, state, local or other government constitution, statute, ordinance or regulation arising out of, related to, or governing Employee's relationship or employment with, application for employment with, or termination of employment with (including any Claims for conduct occurring or Claims arising after the employment relationship ends) the Company or a Beneficiary Party, such as (as amended) Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Older Worker Benefit Protection Act, the Americans With Disabilities Act, the Rehabilitation Act, the Fair Labor Standards Act, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, the federal and state Worker Adjustment and Retraining Notification Acts (WARN), the Fair Credit Reporting Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Government Code, the California Labor Code, the California Civil Code, the California Wage Orders, and/or the California Private Attorneys General Act ("PAGA"), whether Employee is an aggrieved employee within the meaning of PAGA, all similar such claims under federal, state and local law, and all related defenses, to the maximum extent permitted by controlling law, and all related defenses, to the maximum extent permitted by controlling law. These are examples of Claims. The list is not exhaustive; all Claims are

subject to this Agreement. If a specific statute or cause of action is not specifically listed above, that does not exclude such Claim from coverage by the Agreement. If there is an allegation of joint employment or single integrated enterprise, this Agreement covers all such Claims, whether the alleged employment relationship was express or implied and whether direct with the Company, a Beneficiary Party, or some other alleged joint employer or integrated enterprise, each and all of whom for whose benefit this Agreement is expressly made.

Additionally, the arbitrator, and not any federal, state, or local court, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement. However, the preceding sentence shall not apply to the waivers of "Class and Collective Actions" (Section 8) and "Representative Actions" (Section 9) described below. Regardless of anything else in this Agreement, the JAMS Rules, any dispute relating to the interpretation, applicability, or enforceability of the waivers of Class and Collective Actions (Section 8) and Representative Actions (Section 9) in this Agreement may only be determined by a court and not an arbitrator.

4. Types of Actions Not Subject to Arbitration. This Agreement does not cover and the definition of Claims does not include any claim or claims that cannot be arbitrated under applicable law, such as workers' compensation and unemployment compensation claims, claims under the Sarbanes-Oxley Act (to the extent applicable), claims for benefits under the Employment Retirement Income Security Act (which must be resolved in accordance with the terms and procedures set forth in the applicable plan documents), and claims under the National Labor Relations Act. However, if the law changes to allow for arbitration of such claims, then they would be covered by this Agreement. This Agreement also expressly excludes claims for temporary, preliminary, or emergency injunctive relief made to preserve the status quo prior to or in aid of arbitration. Nothing in this Agreement shall be interpreted to mean that Employee is precluded from filing complaints with the California Civil Rights Department, the Equal Employment Opportunity Commission, the Securities and Exchange Commission, the Occupational Safety and Health Administration, the California Division of Occupational Health and Safety, the National Labor Relations Board, and other federal, state, and local commissions and/or agencies.

With respect to any claims for sexual harassment or sexual assault, as defined in 9 U.S.C. §§ 401-402 (Pub. L. No. 117-90, 136 Stat 26), as well as any claims related thereto, which accrue or arise after March 3, 2022 ("Excludable Claims"), You may elect to avoid enforcement of the Parties' agreement to arbitrate, and the class action waiver in this Agreement, as to those Excludable Claims. However, if You file a lawsuit containing Excludable Claims, and other Claims are also pled in that same lawsuit, then the Parties agree that the duty to arbitrate and the waivers described in this Agreement still govern all Claims that are not Excludable Claims, and You shall not be able to make an election to avoid obligations under this Agreement as to those Claims that are not Excludable Claims.

5. Initiating Arbitration. The Party making the Claim must initiate arbitration. A Party making a claim must initiate arbitration by making a written request to arbitrate to the other Party listing the Claim(s) to be arbitrated and by submitting a Demand for Arbitration directly with JAMS per instructions on JAMS' website. The contractual statute of limitations for each Claim is the same as the applicable statutory limitations period for such Claim. The Demand for Arbitration must be submitted to JAMS and to the other party within the statute of limitations under applicable state and/or federal law for the particular Claim(s) asserted. The Demand for Arbitration may be served on the Company using a valid method of service that is permissible under federal, state, or local rules. Alternatively, the Demand for Arbitration against the Company may be delivered to the Company's People department with a copy to the Company's Legal department, either by email and/or certified mail as set forth in Section 2 of this Agreement. Requests to Employee shall be delivered by certified mail to the last known mailing address Employee provided in writing to the Company. The arbitration shall take place in the county where

Employee was last employed by the Company and the substantive law of the state in which that county is located shall be the governing law, unless the Parties agree otherwise. Employee will pay the initial JAMS filing fee up to the amount of the filing fee that would be charged by a trial court in the county in which Employee last performed work for the Company. For example, if the filing fee for a complaint in the relevant trial court is $400, You would be required to pay up to $400 towards the initial filing fee for arbitration. The Company will pay all of the arbitrator's fees and any additional administrative fees unique to arbitration. For other fees and costs that are an ordinary part of litigation, the Parties will pay for their own fees and costs to the extent they would be required to do so in a court of law, subject to the ability of the arbitrator to award costs and fees as described in this Agreement or as required by law.

6. Arbitrator's Authority. The arbitrator shall apply the applicable law to determine issues of liability and damages regarding all Claims to be arbitrated. The arbitrator has the authority to order such discovery as they consider necessary to a full and fair exploration of the issues in dispute, consistent with the expedited and efficient nature of arbitration. The Parties shall be entitled to conduct third-party discovery pursuant to California Code of Civil Procedure section 1282.6. Subject to the limitations on class, collective, and representative actions described in Sections 8 and 9 below, respectively, the arbitrator is authorized to award any individual remedy or relief that would have been available to the Parties had the matter been heard in court. The arbitrator shall have the authority to provide for the award of attorneys' fees and costs to the prevailing Party to the extent such award is authorized by the applicable law. This includes the power to award attorney's fees or costs for defending against a frivolous action to the extent permitted by the underlying substantive law. The decision of the arbitrator shall be in writing and shall provide the reasons for the arbitrator's award. No arbitration award or decision will have any preclusive effect on any third party claim or dispute. This Agreement shall not be construed to deprive a Party of any substantive right preserved by law. Each party shall have the right to file dispositive motions as they would be entitled to do under the federal rules of civil procedure, specifically including motions to dismiss, to strike, for judgment on the pleadings, and for summary judgment or partial summary judgment. The Parties consent that judgment upon the award may be entered in any court having jurisdiction thereof.

7. Acceptance of Agreement. Your employment and/or continued employment with the Company after your receipt of this Agreement shall be deemed acceptance of the terms of the Agreement. By accepting or continuing employment with the Company after receiving this document, You agree to the terms of this Agreement. Your continued employment with the Company also requires the Company to arbitrate Claims it would have against You.

8. Class and Collective Action Waiver. The Parties agree that each may bring and pursue Claims against the other only in their individual capacities, and not on behalf of, with respect to, joined with, or as a part of, any class or collective action, except to the extent such waiver is not permitted by applicable law. The following shall apply:

- If any Party brings a Claim as a plaintiff, participates in, or seeks to participate as a member of or person to be covered by a class or collective action, or challenges the enforceability of this Section (Section 8), the Parties agree that a court, not an arbitrator, shall determine which Claims are subject to the duty to arbitrate under this Agreement and whether any Claims must proceed on a class or collective action basis.

- If the court determines that any Claims must proceed on a class or collective action basis then those Claims, if allowed, may only proceed in court, not in arbitration, except as to Employee's individual claims.

- If the court determines that any Claims arising from alleged unlawful acts or violations of law allegedly committed against others can be pursued on behalf of anyone other than Employee, then those Claims, if allowed, may only proceed in court, not in arbitration, except as to Employee's individual claims.

- If a court determines that Employee cannot pursue class or collective Claims on behalf of anyone other than Employee, those Claims shall be dismissed by the court or, if dismissal is not permissible, such Claims shall be stayed pending the conclusion of arbitration of any arbitrable Claims.

- Nothing in this Agreement should be interpreted as preventing Employee from being a witness in any proceeding or the Company from voluntarily agreeing to settle a threatened dispute on a class or collective basis subject to obtaining any legally required court approvals for any such settlement.

9. Representative Action Waiver. The Parties agree that if Employee brings a Claim as a representative action, such as under the California Private Attorneys General Act ("PAGA"), including as it may be amended (or a similar type of private attorney general statute), then Employee must pursue individual Claims for relief in arbitration, except to the extent such waiver is not permitted by applicable law. The following shall apply:

- If any Party brings a representative or PAGA Claim as a plaintiff, or participates in, or seeks to participate as a member of or person to be covered by a representative or PAGA action, or challenges the enforceability of this Section (Section 9), the Parties agree that a court, not an arbitrator, shall determine which Claims are subject to the duty to arbitrate under this Agreement.

- If Employee brings PAGA Claims, or other representative action Claims based on violations allegedly experienced by other employees, such Claims shall be dismissed by the court or, if dismissal is not permissible, such Claims shall be stayed pending the conclusion of arbitration of any arbitrable Claims.

- Employee must arbitrate whether they are an aggrieved employee under the PAGA, even if they purport not to pursue individual Claims for relief in arbitration.

- Employee may only recover civil penalties based on alleged violations of law personally suffered by Employee; and Employee may only seek remedies for alleged violations of law that Employee personally experienced.

- The Parties further agree that to the maximum extent permitted by law no Party to this Agreement may participate as an "aggrieved employee" in a PAGA representative action or any other representative action filed by another employee, but nothing in this Agreement prevents Employee from being a witness in such proceeding.

- If the court determines that any representative or PAGA Claims may proceed on a non-individual basis, then those Claims may only proceed in court, not in arbitration.

- Nothing in this Agreement should be interpreted as preventing Employee from being a witness in any proceeding or the Company from voluntarily agreeing to settle a threatened dispute on a representative basis subject to obtaining any necessary court approvals for any such settlement.

10. Provisional Relief. Nothing in this Agreement shall prohibit or limit Employee, Company, or a Beneficiary Party from seeking provisional remedies under applicable federal or state law (e.g., California Code of Civil Procedure section 1281.8) when provisional relief is necessary to preserve the status quo and the meaningfulness of the arbitration process.

11. Guarantee of Mandatory Protections. If a court determines that this Agreement is lacking any employee protections required by law, the Company may offer the Employee protections the court or law deems necessary to preserve the enforceability of this Agreement.

12. Mass Arbitrations. The Parties agree that in the event of a "Mass Arbitration," as defined in the JAMS Mass Arbitration Procedures and Guidelines ("Mass Arbitration Rules"), the arbitration shall be conducted according to the Mass Arbitration Rules. A copy of the Mass Arbitration Rules may be found on the JAMS website at www.jamsadr.com, by requesting a copy of the JAMS Rules from the Company's People department by email at hr@benchling.com, with a copy to the Company's Legal department at legal@benchling.com and/or by certified mail to Attn: General Counsel, Benchling, Inc., 680 Folsom St, 8th floor, San Francisco, CA
94107.

13. Beneficiaries. As used in this Agreement, the phrase "Beneficiary Parties" means and includes all of the following persons and entities, each of whom may be referred to individually in this Agreement as a "Beneficiary Party": the Company's employees, any temporary staffing agency, employment agency, co-employer, joint employer, integrated enterprise, or Professional Employer Organization and their respective parents, subsidiaries, affiliates, related companies, officers, directors, partners, principals, members, agents, employees, representatives, owners, investors, shareholders, joint venturers, joint employers, insurers, alter egos, fiduciaries, trustees, contractors, vendors, successors, attorneys, or assigns. The Parties' motivating purpose for including the Beneficiary Parties is to provide them with the benefits of arbitration for any arbitrable Claims, as set forth in this Agreement.

14. Severability. If any provision of this Agreement or part thereof is determined to be illegal or unenforceable, it shall be severed from the Agreement. Such determination shall not affect the remainder of this Agreement, which shall remain in full force and effect. However, in all circumstances no provision of this Agreement may be severed if the effect would be to allow class, collective arbitration, or representative action arbitration of Claims arising from alleged unlawful acts or violations of law not committed against or suffered by Employee personally.

15. Miscellaneous. The Parties agree that the Company and any Beneficiary Party is engaged in transactions involving interstate commerce, and that the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., including its substantive and procedural provisions, and not state law, governs the interpretation and enforcement of this Agreement. To the extent that the Federal Arbitration Act is inapplicable, or held not to require arbitration of a particular claim or claims, the arbitration law of the state in which the arbitration is held shall apply so far as state law would compel arbitration of such claims. This Agreement, once effective, supersedes any prior written and/or verbal agreements concerning arbitration of Claims between the Parties, but does not supersede any non-arbitration provisions (such as confidentiality or restrictive covenants) that may be contained in a consolidated document (e.g., a Proprietary Information and Invention Assignment Agreement). If this Agreement is found to be not effective or enforceable for any reason, then any prior arbitration agreement between the Parties shall remain binding and enforceable. The Parties confirm that they have read the Memorandum and list of Questions & Answers explaining the arbitration process.

THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION AND I ACKNOWLEDGE THAT I HAVE RECEIVED AND READ THIS AGREEMENT, UNDERSTAND ITS TERMS, AND HAVE VOLUNTARILY DECIDED TO ACCEPT THE TERMS OF THE AGREEMENT. I UNDERSTAND THAT THIS ARBITRATION AGREEMENT REQUIRES THAT DISPUTES THAT INVOLVE THE MATTERS SUBJECT TO THE AGREEMENT BE SUBMITTED TO ARBITRATION RATHER THAN TO A JUDGE AND JURY IN COURT. MY ACCEPTANCE OF WORK OR MY CONTINUING TO WORK FOR THE COMPANY AS DESCRIBED ABOVE WILL BE DEEMED ACCEPTANCE OF THE TERMS OF THIS AGREEMENT REGARDLESS OF WHETHER I SIGN BELOW. THIS AGREEMENT IS NOT A CONTRACT OF EMPLOYMENT AND SHALL NOT BE CONSTRUED AS A COMMITMENT BY EITHER PARTY TO CONTINUE AN EMPLOYMENT RELATIONSHIP FOR ANY CERTAIN PERIOD OF TIME, NOR MODIFY IN ANY WAY THE AT-WILL STATUS OF EMPLOYMENT.

Signed by:
Nithin Parsan
08F711E40A834E3...

Sign Your Name Here

Sajith Wickramasekara

Employer Signature

Nithin Parsan

Print Your Name Here

Apr 8, 2026

Date of Employee's Signature