Jordan R. Jaffe, SBN 254886
jjaffe@wsgr.com
Stephanie C. Cheng, SBN 319856
stephanie.cheng@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Telephone: 415.947.2000
Facsimile: 866.974.7329

*Attorneys for Defendants Nithin Parsan, David Li, HB 383, LLC, and ARCX Bio LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BENCHLING, INC.<br><br>Plaintiff,<br><br>v.<br><br>NITHIN PARSAN; DAVID LI; HB 383, LLC; and ARCX BIO LLC;<br><br>Defendants. | Case No. 3:26-cv-11898-RS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>DATE: January 14, 2027<br>TIME: 1:30 p.m.<br>DEPT: Courtroom 12 – 19th Floor<br>JUDGE: Honorable Richard Seeborg |

# TABLE OF CONTENTS

Page


NOTICE OF MOTION AND MOTION .... 1

STATEMENT OF ISSUES TO BE DECIDED .... 1

MEMORANDUM OF POINTS AND AUTHORITIES .... 2

I. STATEMENT OF FACTS .... 3

II. LEGAL STANDARD: RULE 12(B)(6) MOTION TO DISMISS .... 4

III. ARGUMENT .... 4

A. Benchling Fails to State a DTSA Claim. .... 4

1. The Complaint Fails to Identify Trade Secrets. .... 5

2. The Complaint Does Not Plead the DTSA's Interstate-Commerce Nexus. .... 6

3. Misappropriation Is Not Plausibly Pleaded. .... 7

4. Respondeat Superior Is Not Plausibly Pleaded. .... 9

B. Benchling Fails to State Breach of Contract Claims as to Mr. Parsan, HB 383, and Mr. Li. .... 11

1. Mr. Li Is Not Liable on the HB 383 Contract. .... 11

2. Breach of Contract Is Not Plausibly Pleaded. .... 12

C. The Conversion, Restitution, and Duty of Loyalty Claims Are Preempted by CUTSA and Otherwise Fail .... 14

1. CUTSA Has Preemptive Power Even if Not Pleaded. .... 14

a) Benchling's Conversion Claim Is CUTSA-Preempted. .... 15

b) CUTSA Preempts Benchling's Restitution Claim. .... 16

c) Benchling's Duty of Loyalty Claim Is CUTSA-Preempted. .... 17

IV. CONCLUSION .... 18

# TABLE OF AUTHORITIES

## CASES

*Alert Enter., Inc. v. Rana*, 2023 U.S. Dist. LEXIS 44590 (N.D. Cal. Mar. 16, 2023)............. 9, 10

*AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133 (N.D. Cal. 2019)............................ 4

*Aon PLC v. Alliant Insurance Services, Inc.*, 2023 WL 3914886 (N.D. Ill. June 9, 2023) .............................................................................................................. 7, 9

*Arikat v. JP Morgan Chase & Co.*, No. 3:06-cv-00330 (N.D. Cal. Jan. 18, 2006), ECF 1 ................................................................................................................ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 4

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015)........................................... 16

*Becton v. Cytek Biosciences Inc.*, 2020 U.S. Dist. LEXIS 66423 (N.D. Cal. Apr. 15, 2020) ..................................................................................................... 12, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 4

*Britton v. Co-op Banking Grp.*, 4 F.3d 742 (9th Cir. 1993)...................................................... 11

*Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024 (N.D. Cal. 2020) ............................................ 5

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ............................................. 11

*Confluent, Inc. v. Slower, LLC*, 2026 U.S. Dist. LEXIS 49582 (N.D. Cal. Mar. 10, 2026) .................................................................................................... 13, 14

*D'Arrigo Bros. of Cal. v. United Farmworkers of Am.*, 224 Cal. App. 4th 790 (2014) ......................................................................................................... 11

*DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 U.S. Dist. LEXIS 210494 (N.D. Cal. Nov. 9, 2020)................................................................................... 16

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010)..................................................... 16

*Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809 (1979) .......................................................... 11

*Epstein v. Washington Energy Co.*, 83 F.3d 1136 (9th Cir. 1996).............................................. 4

*ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ........................................ 16

*Fair Isaac Corp. v. Gurobi Optimization, LLC*, 2025 WL 2636403 ...................................... 7, 9

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, 2020 U.S. Dist. LEXIS 16368 (N.D. Cal. Jan. 31, 2020) ........................................................................ 17

*Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026) ..................................................... 13

*Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566 (1973) ................................................................ 11

*Henry v. Assoc. Indem. Corp.*, 217 Cal. App. 3d 1405 (1990) ........ 11

*Hydrogen Master Rights, Ltd. v. Weston*, 2017 WL 78582 (D. Del. Jan. 9, 2017) ........ 6

*InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020) ........ 5

*Intermarketing Media, LLC v. Barlow*, 2020 U.S. Dist. LEXIS 248162 (C.D. Cal. Dec. 10, 2020) ........ 8

*Joby Aero, Inc. v. Archer Aviation Inc.*, 2026 U.S. Dist. LEXIS 125508 (N.D. Cal. June 5, 2026) ........ 5

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939 (2009) ........ 14, 15, 16

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ........ 4

*Kinship Partners, Inc. v. Embark Veterinary, Inc.*, 2022 WL 72123 (D. Or. Jan. 3, 2022) ........ 7, 9

*Lifeline Food Co. v. Gilman Cheese Corp.*, 2015 U.S. Dist. LEXIS 64155 (N.D. Cal. May 15, 2015) ........ 15

*Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 16

*Luminate Home Loans, Inc. v. Better Mortg. Co.*, 2026 U.S. Dist. LEXIS 8478 (S.D. Cal. Jan. 14, 2026) ........ 16

*Movahedi v. Dfinity USA Rsch., LLC*, 2025 U.S. Dist. LEXIS 266884 (N.D. Cal. Dec. 29, 2025) ........ 12

*Navigation Holdings, LLC v. Molavi*, 2020 U.S. Dist. LEXIS 154268 (N.D. Cal. Aug. 25, 2020) ........ 10

*NetApp, Inc. v. Nimble Storage*, 41 F. Supp. 3d 816 (N.D. Cal. 2014) ........ 14

*Novation Sols., Inc. O/A Dealmaker v. Issuance Inc.*, 2023 U.S. Dist. LEXIS 151496 (C.D. Cal. June 27, 2023) ........ 16

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384 (2007) ........ 17

*Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983 (S.D. Cal. 2012) ........ 7, 8, 9

*Power Integrations, Inc. v. De Lara*, 2020 U.S. Dist. LEXIS 52724 (S.D. Cal. Mar. 26, 2020) ........ 7

*Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210 (2010), *overruled in part on unrelated ground by Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011) ........ 14, 15, 16

*Snapkeys Ltd. v. Google LLC*, 442 F. Supp. 3d 1196 (N.D. Cal. 2020) ........ 15

*Soil Retention Prods. v. Brentwood Indus.*, 521 F. Supp. 3d 929 (S.D. Cal. 2021) ........ 8

*Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523 (2000) ........ 12

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir.) .................................................. 4, 11

*The Retirement Grp. v. Galante*, 176 Cal. App. 4th 1226 (2009) .................................................. 8

*Vendavo, Inc. v. Price f(x) AG*, 2018 U.S. Dist. LEXIS 48637 (N.D. Cal. Mar. 23, 2018) .................................................. 5, 6

*Whiteslate, LLP v. Dahlin*, 2021 U.S. Dist. LEXIS 126540 (S.D. Cal. July 7, 2021) ............ 16, 17

*Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1447 (2002) .................................................. 9

*x.AI Corp. v. OpenAI, Inc.*, 821 F. Supp. 3d 1100 (N.D. Cal. 2026) .................................................. 7, 8

**STATUTES**

18 U.S.C.
§ 1836 .................................................. 2, 6, 9
§ 1839 .................................................. 6, 7

Cal. Civ. Code
§§ 2223-2224 .................................................. 17
§ 3426 .................................................. 14

Cal. Corp. Code § 17703.04(a) .................................................. 12

**RULES**

Fed. R. Civ. Pro. 12(B)(6) .................................................. 4

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 14, 2027, at 1:30 pm, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 12, 19th Floor, before the Honorable Richard Seeborg, Defendants Nithin Parsan, David Li, HB 383, LLC ("HB 383"), and ArcX Bio LLC ("ArcX") (collectively, "Defendants") will, and hereby do, jointly move the Court pursuant to Rule 12(b)(6) to dismiss the Complaint of Plaintiff Benchling, Inc. ("Benchling") for failure to state a claim. This Alternative Motion is filed concurrently with, and expressly subject to, Defendants' Motion to Compel Arbitration and Stay Proceedings ("MTCA"). Defendants do not waive, and expressly reserve, their right to arbitrate every claim asserted in the Complaint, and they request that the Court resolve the MTCA first and reach this Alternative Motion only if the MTCA is denied in whole or in part. Defendants' Alternative Motion is based on this Alternative Notice of Motion and Motion, all pleadings in this matter, all documents in the Court's file, any matters of which this Court may take judicial notice, and on such other written and oral argument as may be presented to the Court.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Benchling's claim for federal trade secret misappropriation under the Defend Trade Secrets Act against all Defendants should be dismissed for failure to state a claim under Rule 12(b)(6).

2. Whether Benchling's claim for breach of contract against Mr. Parsan, HB 383, and Mr. Li should be dismissed for failure to state a claim under Rule 12(b)(6).

3. Whether Benchling's claim for conversion against Mr. Parsan, HB 383, and Mr. Li should be dismissed as preempted by the California Uniform Trade Secrets Act or for failure to state a claim under Rule 12(b)(6).

4. Whether Benchling's claim for restitution against ArcX should be dismissed as preempted by the California Uniform Trade Secrets Act or for failure to state a claim under Rule 12(b)(6).

5. Whether Benchling's claim for breach of duty of loyalty against Mr. Parsan should be dismissed as preempted by the California Uniform Trade Secrets Act or for failure to state a claim under Rule 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Benchling's Complaint is built on text messages, not facts. Recovered from Mr. Parsan's Benchling-issued laptop, the messages show Mr. Parsan and Mr. Li (together, the "Individual Defendants") discussing a new business, ArcX, with prospective customers and investors. Compl. ¶¶ 2, 32, 37-44. Benchling calls that trade secret misappropriation. But it never says what the trade secrets are, never alleges that the Individual Defendants or HB 383 exfiltrated a document, and never alleges that anyone disclosed or used an identified secret. It does not even allege that ArcX received any Benchling information.

Despite the lack of evidence, Benchling brings this lawsuit to stifle a startup it views as a competitor. Benchling claims that the Individual Defendants founded ArcX using Benchling's information. Compl. ¶ 35. But the facts alleged in the Complaint do not support its claims.

Defendants bring this Motion concurrently with, and subject to, the MTCA, and without waiving their right to arbitrate. If the MTCA is granted, this Motion is moot. If the MTCA is denied in whole or in part, the Complaint should be dismissed for the following reasons:

- Count I fails under the Defend Trade Secrets Act ("DTSA") because Benchling (1) identifies no trade secret; (2) pleads no plausible misappropriation; (3) pleads no direct or vicarious liability against ArcX; and (4) does not plead the interstate-commerce nexus the statute requires. 18 U.S.C. § 1836(b)(1).
- Count II fails because (1) Mr. Li is not a party to the HB 383 contract and so cannot be liable for its breach, and (2) breach and damages are not plausibly pleaded as to any Defendant.
- Counts III through V (conversion, restitution, and breach of the duty of loyalty) are preempted by the California Uniform Trade Secrets Act ("CUTSA").

Thus, Defendants respectfully request that the Court: (1) dismiss Plaintiff's DTSA (Count I) claim against all Defendants; (2) dismiss Plaintiff's breach of contract claim (Count II) against Mr. Parsan, Mr. Li, and HB 383; and (3) dismiss Plaintiff's conversion claim (Count III) against

Mr. Parsan, Mr. Li, and HB 383, restitution claim (Count IV) against ArcX, and breach of duty of loyalty claim (Count V) against Mr. Parsan.

## I. STATEMENT OF FACTS

Benchling is a company that sells software to support research and development in life sciences. Compl. ¶¶ 1, 16-18. Benchling employed Mr. Parsan from April 22, 2026 until it terminated his employment on September 19, 2026. Compl. ¶¶ 30, 46. Benchling engaged Mr. Li as an independent contractor beginning May 1, 2026, under an Independent Contractor Agreement ("IC Agreement") with HB 383, a California limited liability company of which Mr. Li is the sole member. Compl. ¶¶ 7, 27, 31; *id.* Ex. 2, ECF 1-2. Mr. Li signed the IC Agreement as "Consultant" for HB 383, and his engagement ended on September 4, 2026. ECF 1-2 at 12; Compl. ¶ 45. Benchling alleges that Mr. Parsan signed a Confidential Information and Invention Assignment Agreement ("CIIAA"). Compl. ¶¶ 23, 26; *id.* Ex. 1, ECF 1-1. Mr. Parsan and Mr. Li formed ArcX Bio LLC ("ArcX") as a California limited liability company on August 8, 2026. Compl. ¶¶ 8, 41.

The Complaint alleges that Mr. Parsan and Mr. Li "worked together to steal" Benchling's allegedly confidential information. Compl. ¶ 35. The Complaint never lists its alleged trade secrets. It describes, as matters to which the Individual Defendants had access: "model learning products," "processes for building and improving these products," "relationships and pricing for selling those products," "understanding of the information most valuable to developing [its] model learning products," and "relationships and pricing for buying that information." Compl. ¶ 34; s*ee also id.* ¶¶ 19-21, 35 (referring to an "understanding" of where AI models need improvement, "methods of enhancing scientific data," pricing, and customers, and to "confidential and proprietary information, including its trade secrets, including for example the information discussed above"). Benchling claims Mr. Parsan and Mr. Li founded and operated ArcX using these alleged trade secrets. Compl. ¶ 35. The only facts pleaded in support are those text messages, and none, as quoted in the Complaint, identifies any Benchling information that was taken, disclosed, or used. And Benchling concedes it has not seen the documents they reference. Compl. ¶¶ 38-44.

## II. LEGAL STANDARD: RULE 12(B)(6) MOTION TO DISMISS

*Twombly* and *Iqbal* bar plaintiffs from substituting conclusory allegations that track a claim's elements for concrete facts. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and thus a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *See id.* at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). That is, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (affirming Rule 12(b)(6) dismissal).

Courts first disregard conclusions "not entitled to the assumption of truth," then ask whether the remaining facts "plausibly give rise" to a claim. *Iqbal*, 556 U.S. at 679-80. Facts "merely consistent with" liability "stop[] short of the line between possibility and plausibility." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion, the Court may consider exhibits attached to the complaint, and it need not accept as true allegations that those exhibits contradict. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

## III. ARGUMENT

### A. Benchling Fails to State a DTSA Claim.

To plead a trade secret misappropriation cause of action under the DTSA, a plaintiff must allege the following: "(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1144 (N.D. Cal. 2019) (quoting *Alta Devices, Inc. v. LG Elecs.*, Inc., 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018)). Benchling's claim fails at the first two steps: it

identifies no trade secret, and it pleads no plausible misappropriation. It also omits the statute's interstate-commerce nexus.

**1. The Complaint Fails to Identify Trade Secrets.**

Benchling's Complaint identifies no trade secret with the particularity the pleading stage requires. "[A]llegations that set out purported trade secrets in broad, categorical terms that are merely descriptive of the types of information that generally *may* qualify as protectable trade secrets are insufficient to state a claim." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1048 (N.D. Cal. 2020) (internal quotation marks omitted) (emphasis in original); *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) ("Plaintiffs must 'clearly refer to tangible trade secret material' instead of referring to a 'system which potentially qualifies for trade secret protection.'"). A trade secret plaintiff must plead that "the claimed trade secret has sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade" *Joby Aero, Inc. v. Archer Aviation Inc.*, 2026 U.S. Dist. LEXIS 125508, at *23 (N.D. Cal. June 5, 2026) (quoting *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1087 (9th Cir. 2025)). Benchling fails to meet this standard because it sets out only broad categories of information: "model learning products," "processes for building and improving these products," "relationships and pricing for selling those products," "understanding of the information most valuable to developing [its] model learning products," and "relationships and pricing for buying that information." Compl. ¶ 34. None identifies any particular information, as opposed to a type of information.

To illustrate, a pleading identifying "commercial strategy development, regulatory strategies, and infrastructure strategy" and "technical information about [plaintiff's] aircraft and operations" was insufficiently particular at the pleading stage. *Joby Aero*, 2026 U.S. Dist. LEXIS 125508, at *27. Another pleading identifying "customer lists and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, 'negative knowhow' learned through the course of research and development, and other information related to the development of its price-optimization software, including ideas and plans for product enhancements," was also insufficient. *Vendavo, Inc. v. Price*

*f(x) AG*, 2018 U.S. Dist. LEXIS 48637, at *6 (N.D. Cal. Mar. 23, 2018). Specifically, trade secrets described in "broad, categorical terms, more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets [the plaintiff] has a basis to believe actually were misappropriated here" were dismissed. *Id.* at *9. Benchling's categories ("products," "understanding," "pricing") are no more specific. Compl. ¶ 34. They give Defendants no notice of what is claimed and do not separate it from general knowledge in the trade.

Benchling's more general allegations do not help. Paragraphs 19 through 21 refer to an "understanding" of where AI models need improvement, "methods of enhancing scientific data," pricing, and customer targets, but they do not identify any actual information. Compl. ¶¶ 20-21. Paragraph 19 itself points to a published benchmark described in a paper by Benchling scientists, including Mr. Parsan. Compl. ¶ 19. And its allegations of secrecy, value, and reasonable measures simply recite the statutory definition. Compl. ¶¶ 50-51; *see* 18 U.S.C. § 1839(3). Customer relationships and pricing are no different: Benchling does not say what pricing information, what customer information, or how that information differs from what any participant in the market would know. *See Vendavo*, 2018 U.S. Dist. LEXIS 48637, at *6.

**2. The Complaint Does Not Plead the DTSA's Interstate-Commerce Nexus.**

A DTSA claim lies only if the trade secret is "related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The Complaint cites the DTSA's jurisdictional provisions but never alleges that any trade secret relates to such a product or service. Compl. ¶ 10. Having identified no trade secret, Benchling cannot connect one to commerce, and its allegation that it serves more than 1,300 organizations does not fill the gap. Compl. ¶ 18. *See Hydrogen Master Rights, Ltd. v. Weston*, 2017 WL 78582, at *10 (D. Del. Jan. 9, 2017) (dismissing DTSA claim that, among other defects, alleged no nexus to interstate or foreign commerce).

### 3. Misappropriation Is Not Plausibly Pleaded.

To plead the misappropriation element of a trade secret claim, alleging "mere possession of trade secrets is not sufficient to constitute misappropriation." *x.AI Corp. v. OpenAI, Inc.*, 821 F. Supp. 3d 1100, 1110 (N.D. Cal. 2026) (internal quotation marks omitted). "California does not recognize the 'inevitable disclosure doctrine,' which means that a party cannot prove trade secret misappropriation by demonstrating that a former employee's new employment will inevitably lead the former employee to rely on the former employer's trade secrets." *Pellerin v. Honeywell Int'l Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012). Nor does the DTSA. *See e.g., Kinship Partners, Inc. v. Embark Veterinary, Inc.*, 2022 WL 72123, *7 (D. Or. Jan. 3, 2022) ("Pursuant to federal law, the DTSA specifically forecloses courts from granting relief based on the inevitable disclosure doctrine *because* such relief restrains employment.") (emphasis in original); *Aon PLC v. Alliant Insurance Services, Inc.*, 2023 WL 3914886, *5 (N.D. Ill. June 9, 2023) ("While 'inevitable disclosure' can be a viable theory under state law, it appears to be foreclosed for claims under the DTSA."); *see also Fair Isaac Corp. v. Gurobi Optimization, LLC*, 2025 WL 2636403, *5-6 (collecting cases rejecting inevitable disclosure under the DTSA). And because "the Court cannot presume the transfer of trade secret information occurs simply because Defendants possess it," a plaintiff must "satisfy its pleading burden by showing how improper acquisition, disclosure, or use occurred or is threatened" to adequately state a claim. *Power Integrations, Inc. v. De Lara*, 2020 U.S. Dist. LEXIS 52724, at *53 (S.D. Cal. Mar. 26, 2020); *see also x.AI*, 821 F. Supp. 3d at 1109-10. Benchling has not done so here.

A trade secret is misappropriated by acquisition through improper means, or by disclosure or use without consent by someone who, among other things, acquired it under a duty to maintain its secrecy. 18 U.S.C. § 1839(5). Benchling itself alleges that Defendants' access came through their work for Benchling. Compl. ¶¶ 28-31. Benchling therefore must plead facts showing improper disclosure or use of an identified secret; allegations of access, and of plans to start a competing business, are not enough. 18 U.S.C. § 1839(5)-(6); *see also Power Integrations*, 2020 U.S. Dist. LEXIS 52724, at *53; *x.AI*, 821 F. Supp. 3d at 1107-09. Failure to "allege any facts in support of the legal conclusion that Plaintiffs 'used and/or disclosed' and 'acquired and/or used'

[the plaintiff's] trade secrets or confidential information" is failure to plead the misappropriation element. *Pellerin*, 877 F. Supp. 2d at 989; *see also x.AI*, 821 F. Supp. 3d at 1107-09. Statements that defendants "knew or should have known the information [defendant A] was sharing with [defendant B] was a trade secret and, if used and/or disclosed by [defendant B], [plaintiff] would be damaged thereby" and "improperly used and/or disclosed [plaintiff]'s trade secrets" fail to plausibly allege the misappropriation element. *Soil Retention Prods. v. Brentwood Indus.*, 521 F. Supp. 3d 929, 966 (S.D. Cal. 2021).

Here, the Complaint alleges no facts showing that any Defendant acquired, disclosed, or used an identified trade secret. Its assertion that Defendants "continue to misuse" Benchling's information is conclusory. Compl. ¶ 47. As to Mr. Parsan, Benchling points only to text messages and to an allegation that he "appears to have deleted some of his browser history." Compl. ¶¶ 2, 37, 46. Even crediting that allegation, deleted history says nothing about whether he took, disclosed, or used a trade secret. And Benchling evidently examined his laptop: it quotes his texts and reports on his browser history. Yet it pleads no external transfer of any file, document, or data, and no continued possession of any. That omission speaks volumes.

Benchling's strongest allegation is that Mr. Parsan pitched a Benchling customer and noted that its contact "was familiar w the work [he] did w their team." Compl. ¶¶ 38, 40, 42, 47. But a salesperson's familiarity with customers he served is not a trade secret, and Benchling does not allege what confidential information, as opposed to ordinary relationships, was used in any pitch. Benchling itself alleges that Mr. Parsan's job was to sell its products to customers. Compl. ¶ 30. It does not allege that the prices quoted in ¶ 40 are Benchling's. Competing for customers is not misappropriation. *The Retirement Grp. v. Galante*, 176 Cal. App. 4th 1226, 1237 (2009); *see also Intermarketing Media, LLC v. Barlow*, 2020 U.S. Dist. LEXIS 248162, at *19-20 (C.D. Cal. Dec. 10, 2020).

The Complaint alleges no exfiltration, continued possession, or use by Mr. Li or HB 383 of any documents, files, or data. The only allegations of conduct by Mr. Li are that the Individual Defendants "worked together to steal Benchling's confidential and proprietary information" (Compl. ¶ 35), and that Mr. Li exchanged messages about ArcX's pitch materials and fundraising,

none of which is alleged to contain any Benchling information. Compl. ¶¶ 43-44. The Complaint alleges no conduct by HB 383 at all, beyond its signing the IC Agreement and being labeled Mr. Li's alter ego. Compl. ¶¶ 7, 27. Nor does it say anything about what was taken, from where, when, or how. Beyond those messages, its allegations against Mr. Li and HB 383 are bare conclusions.

As to ArcX, the Complaint lacks any allegation that ArcX even received the alleged trade secrets, let alone used them. The Complaint's allegation that ArcX "knew, or had reason to know" that its acquisition was facilitated by improper means is another naked conclusion, and ArcX is not alleged to have existed before August 8, 2026. Compl. ¶¶ 41, 53. To the extent Benchling relies on anything more, it relies on an unpled and impermissible inevitable disclosure theory, implicit in its allegation that ArcX "presents an ongoing threat of further misappropriation" of Benchling's alleged trade secrets. Compl. ¶ 53. An injunction against threatened misappropriation cannot rest merely on what the Individual Defendants know; the DTSA requires evidence of threatened misappropriation. 18 U.S.C. § 1836(b)(3)(A)(i)(I). Benchling pleads no facts showing that ArcX has misappropriated or will misappropriate anything. Its theory reduces to the claim that Mr. Parsan and Mr. Li will inevitably use what they learned at Benchling in their work at ArcX, and neither California nor the DTSA permits such an inference. *See Pellerin*, 877 F. Supp. 2d at 989; *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1447, 1462-64 (2002) (rejecting the inevitable disclosure doctrine under California law); *Kinship Partners, Inc.*, 2022 WL 72123 at *7; *Aon PLC*, 2023 WL 3914886 at *5; *Fair Isaac Corp.*, 2025 WL 2636403 at *5-6. Thus, Benchling fails to plausibly allege the misappropriation element of its trade secret claim.

**4. Respondeat Superior Is Not Plausibly Pleaded.**

Benchling also fails to plausibly allege that ArcX should be liable for Mr. Parsan's and Mr. Li's alleged misappropriation under the doctrine of respondeat superior. Whether an employer is vicariously liable under respondeat superior turns on whether the conduct was committed within the scope of employment; misappropriation of trade secrets is "within the scope of employment when it is performed, at least in part, to benefit the employer." *Alert Enter., Inc. v. Rana*, 2023 U.S. Dist. LEXIS 44590, at *7 (N.D. Cal. Mar. 16, 2023) (citations omitted). An allegation that a

plaintiff "is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment" was insufficient to plead respondeat superior. *Navigation Holdings, LLC v. Molavi*, 2020 U.S. Dist. LEXIS 154268, at *11 (N.D. Cal. Aug. 25, 2020) (quoting Compl. ¶ 5, *Arikat v. JP Morgan Chase & Co.*, No. 3:06-cv-00330 (N.D. Cal. Jan. 18, 2006), ECF 1).

Benchling's allegations are equally conclusory. It only says that ArcX is liable under respondeat superior because ArcX allegedly "knew or should have known of the misappropriation and did nothing to prevent or stop it." Compl. ¶ 54. That is a knowledge-and-inaction theory, not respondeat superior: vicarious liability depends on an employment or agency relationship at the time of the conduct, not on what an entity knew. The Complaint alleges no such relationship. It alleges that Mr. Parsan was a Benchling employee until September 19, 2026, and that Mr. Li's Benchling engagement ended on September 4, 2026, while ArcX was formed on August 8, 2026. Compl. ¶¶ 41, 45-46. Nothing alleged ties any acquisition of Benchling information to a time when ArcX existed or when either individual was acting as ArcX's agent. *See Alert Enter., Inc.*, 2023 U.S. Dist. LEXIS 44590, at *9 (N.D. Cal. Mar. 16, 2023); *cf. Navigation Holdings*, 2020 U.S. Dist. LEXIS 154268, at *11. The Complaint is entirely conclusory in stating that respondeat superior liability applies.

Even if respondeat superior were properly pleaded, Benchling has not plausibly alleged a sufficient factual basis to support such liability. Although Benchling alleges in general terms that ArcX was planned as a competitor and sells "bio data to labs" (Compl. ¶¶ 35, 42), it does not plead what products or services ArcX provides, how they relate to any identified trade secret, or how any specific information was used for ArcX's benefit. Because Benchling identifies no trade secret, it cannot plausibly show how ArcX benefited from one, or that any misappropriation was performed for ArcX's benefit.

Nor can Benchling avoid these pleading gaps by imputing the Individual Defendants' alleged knowledge to ArcX. The Complaint pleads no facts showing that either individual acquired Benchling information on ArcX's behalf, or that ArcX itself did anything with it.

**B. Benchling Fails to State Breach of Contract Claims as to Mr. Parsan, HB 383, and Mr. Li.**

A breach of contract claim requires pleading "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *D'Arrigo Bros. of Cal. v. United Farmworkers of Am.*, 224 Cal. App. 4th 790, 800 (2014) (citations omitted). Count II fails because Mr. Li is not a party to the HB 383 contract, and because Benchling pleads no facts showing breach by Mr. Parsan or HB 383 or resulting damages.

**1. Mr. Li Is Not Liable on the HB 383 Contract.**

A non-party, or nonsignatory, to a contract is not liable for a breach of that contract. *See, e.g., Britton v. Co-op Banking Grp.*, 4 F.3d 742, 744 (9th Cir. 1993) (noting that a "contractual right may not be invoked by one who is not a party to the agreement"); *Henry v. Assoc. Indem. Corp.*, 217 Cal. App. 3d 1405, 1416-17 (1990) (determining that where "[t]here was no direct contractual relationship between [the parties]," there was no basis from which "a breach of contract action could properly spring") (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973); *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 (1979)). Mr. Li signed the IC Agreement only on behalf of HB 383, under the signature block for "HB 383, LLC ('Independent Contractor')" and with the title "Consultant." ECF 1-2 at 12; *see also* Compl. ¶ 27 (alleging that Mr. Li executed the agreement "through his company HB 383"). Only HB 383 is a party to the contract with Benchling and thus only HB 383 can be liable.

The Complaint's generic allegation that Mr. Li, Mr. Parsan, and HB 383 each executed "employment contracts," CIIAAs, and independent contractor agreements is contradicted by the agreements Benchling attached. Compl. ¶ 61. The CIIAA is alleged to be Mr. Parsan's and the IC Agreement is HB 383's. Compl. ¶¶ 23, 26-27; ECF 1-1; ECF 1-2. Benchling identifies no agreement signed by Mr. Li in his individual capacity, and where an exhibit contradicts a conclusory allegation, the exhibit controls. *Sprewell*, 266 F.3d at 988.

The Complaint characterizes HB 383 as Mr. Li's alter ego. Compl. ¶ 7. However, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*,

18 F.3d 752, 754-55 (9th Cir. 1994). Allegations in pleadings that two entities "share personnel," "are represented by the same legal counsel," and "share common marketing, accounting, human resources, and other administrative resources" have been deemed insufficient to establish alter ego on the pleadings such that a breach of contract claim was dismissed. *Movahedi v. Dfinity USA Rsch., LLC*, 2025 U.S. Dist. LEXIS 266884, at *13-14 (N.D. Cal. Dec. 29, 2025).

The alter ego label is a legal conclusion, and Benchling supports it with no facts: no company structures, filings, documents, or statements, only "information and belief." Compl. ¶ 7. California law also requires both a unity of interest and ownership and an inequitable result from respecting the entity's separate existence, and Benchling pleads neither. *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000). Nor may a member be held personally liable for an LLC's contractual obligations merely because he is its member. Cal. Corp. Code § 17703.04(a). And without the conclusory alter ego characterization, Benchling pleads no facts supporting that Mr. Li should be liable for HB 383's alleged breach of contract. Defendants dispute that HB 383 is Mr. Li's alter ego, and nothing in this Motion concedes any alter ego, agency, or other relationship between them.

**2. Breach of Contract Is Not Plausibly Pleaded.**

For purposes of this Motion only, Defendants do not challenge the first two elements as to Mr. Parsan and HB 383. Moreover, Defendants do not concede that Benchling performed under the contracts or that any provision is enforceable as written. Benchling, however, fails to allege elements three and four: breach and damages.

The Complaint also identifies no provision that either Mr. Parsan or HB 383 breached. Count II describes the contracts' obligations only generally: to use Benchling's information only for its purposes, to keep it confidential, and to return it. Compl. ¶ 63. It does not allege that either breached any other covenant.

As to breach, "[w]here a complaint fails to identify the facts and circumstances surrounding the alleged breach, . . . it fails to give fair notice to defendants of the actions of which they are accused, in direct contravention of Rule 8." *Becton v. Cytek Biosciences Inc.*, 2020 U.S. Dist. LEXIS 66423, at *8 (N.D. Cal. Apr. 15, 2020) (citation omitted). An allegation that a contract was

breached "by, at a minimum, making unauthorized copies of those works and/or using those works beyond the scope of their respective software license agreements in connection with developing and promoting [the defendant]'s own products," was insufficient to plead breach. *Id.* The allegation was vague and conclusory, lacked factual allegations, and failed to provide a timeframe. *Id.* at 8-11. Benchling's allegations suffer the same defects.

As to HB 383, the Complaint alleges no conduct at all. Pleadings must "tie factual averments against specific parties to individual causes of action" under Rule 8. *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026). Benchling makes no such factual averments against HB 383. The Complaint's "Background" section mentions HB 383 in exactly one paragraph. Compl. ¶ 27. And that paragraph mentions HB 383 only to incorporate the HB 383 IC Agreement. *Id.* HB 383 is then mentioned in the Count II section of the Complaint only by lumping it in with the Individual Defendants and concluding that the three parties breached their contracts. Compl. ¶ 64. But there is not a single factual allegation as to HB 383's conduct that supports this conclusion.

In any event, Benchling fails to allege breach as to all three Defendants it names. The Complaint accuses the Defendants of "accessing, misusing, misappropriating, disclosing, transferring, . . . failing to return . . . using . . . and sharing" Benchling's confidential information, but does not provide sufficient factual support for these claims. Compl. ¶ 64. These verbs are labels, not facts. The only specifics are that Defendants used Benchling's information "to found ArcX" and shared it with "potential investors in and customers of ArcX," Compl. ¶ 64, but the Complaint never says what information, when, or how. Nor do the text messages Benchling quotes supply the missing facts: as quoted in the Complaint, none states that Benchling information was accessed, used, disclosed, or kept, and Benchling concedes it has not seen the documents it references. Compl. ¶¶ 38-44. As such, breach is not sufficiently pleaded.

As to damages, "[c]laims for breach of contract . . . require allegation of actual damages." *Confluent, Inc. v. Slower, LLC*, 2026 U.S. Dist. LEXIS 49582, at *18 (N.D. Cal. Mar. 10, 2026) (citations omitted). A claim's "bare allegation of damages 'in an amount to be proven at trial but which exceeds the jurisdictional minimum of this Court'" was insufficient for a breach of contract

claim based on a confidentiality agreement to survive. *Id.* Benchling similarly states only that it "has suffered and will continue to suffer damages in an amount to be proven at trial." Compl. ¶ 66. Benchling's further allegation that, "[i]f defendants are not enjoined from further breaches," it will suffer irreparable harm, including "lost business opportunities," is conditional and prospective; it describes the basis for an injunction, not an actual loss caused by any breach. *Id.* Benchling pleads no actual damages from any alleged breach, so Count II fails.

### C. The Conversion, Restitution, and Duty of Loyalty Claims Are Preempted by CUTSA and Otherwise Fail

Benchling asserts three state law claims, other than breach of contract, against the Defendants: conversion, restitution, and breach of the duty of loyalty. Compl. ¶¶ 67-81. CUTSA does not displace contract remedies, and Defendants do not contend that it preempts Count II. Cal. Civ. Code § 3426.7(b)(1). The other three state law claims are based on alleged misappropriation of Benchling's allegedly confidential information, and all are preempted by CUTSA.

#### 1. CUTSA Has Preemptive Power Even if Not Pleaded.

CUTSA preemption applies even when a claim is not brought under CUTSA. *NetApp, Inc. v. Nimble Storage*, 41 F. Supp. 3d 816, 840 (N.D. Cal. 2014) (argument that "preemption does not apply because [the plaintiff] did not plead a CUTSA claim" deemed "meritless," as "such a rule would defeat preemption by allowing plaintiffs to intentionally omit CUTSA claims in favor of other claims"). Whether Benchling pleaded DTSA or CUTSA, CUTSA's preemptive effect applies to the state-law tort claims alleged in the Complaint.

CUTSA broadly preempts tort claims as a matter of law, and the preemption issue can be decided at the pleading stage. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 232-40 (2010), *overruled in part on unrelated ground by Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011) (affirming CUTSA preemption-based demurrer of claims for conversion, intentional and negligent misrepresentation, unfair business practices, and common count, and explaining reasons for preemption in detail); *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 957-60 (2009) (same; affirming "broad" preemption of alternative claims for unfair

competition, breach of confidence, and tortious interference with contract in pretrial trial court ruling based on the pleadings).

These twin rulings make clear that CUTSA preemption applies even when a trade secret claim would fail on the merits. In both, the trade secret claim failed for substantive shortcomings, but the plaintiff's overlapping claims were nonetheless preempted. *See Silvaco*, 184 Cal. App. 4th at 232, 236 (trade secret claim failed because access allegations did not satisfy CUTSA requirements); *K.C. Multimedia*, 171 Cal. App. 4th at 945-46, 952-53 (plaintiff ultimately lost at trial on trade secret claim); *see also Snapkeys Ltd. v. Google LLC*, 442 F. Supp. 3d 1196, 1205 (N.D. Cal. 2020) ("As this Court has recognized, supersession based on CUTSA is not strictly limited to 'information [that] ultimately satisfie[s] the definition of trade secret.'") (citation omitted).

a) <u>Benchling's Conversion Claim Is CUTSA-Preempted.</u>

Conversion is preempted when a plaintiff's claim is "based entirely on the same factual allegations that form the basis of its trade secrets claim." *K.C. Multimedia*, 171 Cal. App. 4th at 955. Conversion was preempted when the plaintiff "[did] not allege facts claiming that [the defendant] converted property other than the alleged trade secrets." *Lifeline Food Co. v. Gilman Cheese Corp.*, 2015 U.S. Dist. LEXIS 64155, at *13 (N.D. Cal. May 15, 2015). Benchling's allegations are analogous. The conversion claim alleges that Defendants "wrongfully acquired, retained, and transferred Benchling's confidential and proprietary information." Compl. ¶ 69. The trade secret claim alleges that Defendants "improperly acquired and then misappropriated Benchling's confidential and proprietary information." Compl. ¶ 52. There is no distinction between the two claims as to what information was allegedly acquired. Accordingly, the claims are based on entirely the same factual allegations.

Further, a claim for conversion "traditionally required a taking of tangible property." *Silvaco*, 184 Cal. App. 4th at 239 n.21. Although "this restriction has been greatly eroded, information cannot be stolen unless it constitutes property," and "information is not property unless some law makes it so." *Id.* at 239 & n.21 (internal quotation marks and alterations omitted). Moreover, "the expansion of conversion law to reach intangible property should not be permitted

to 'displace other, more suitable law.'" *Id.* at 239 n.21; *see Novation Sols., Inc. O/A Dealmaker v. Issuance Inc.*, 2023 U.S. Dist. LEXIS 151496, at *32 (C.D. Cal. June 27, 2023) (same). Benchling alleges no tangible property, and no intangible property other than its alleged trade secrets. Conversion law cannot displace the more suitable law for that: trade secret law. Moreover, conversion also requires interference with the owner's possession, and Benchling does not allege that any Defendant deprived it of access to or use of any information. Further, Count III alleges no conduct by HB 383 or Mr. Li apart from the same allegations discussed above. Accordingly, Benchling's conversion claim fails.

b) <u>CUTSA Preempts Benchling's Restitution Claim.</u>

In California, "there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)); *see also Luminate Home Loans, Inc. v. Better Mortg. Co.*, 2026 U.S. Dist. LEXIS 8478, at *42 (S.D. Cal. Jan. 14, 2026) ("bring[ing] an independent cause of action for unjust enrichment" is "procedurally incorrect"). California federal courts have held "there is no cause of action for unjust enrichment under California law." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (collecting cases dismissing restitution claims); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 U.S. Dist. LEXIS 210494, at *17 (N.D. Cal. Nov. 9, 2020). Although "*a court* may 'construe the cause of action as a quasi-contract claim seeking restitution,'" Benchling has not stated nor pleaded any facts supporting a quasi-contract theory against ArcX. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (quoting *Astiana*, 783 F.3d at 762) (emphasis added). Benchling thus fails to plead restitution as a valid claim for relief.

Even if considered a valid claim, like a conversion claim, a restitution claim is preempted by CUTSA when "based entirely on the same factual allegations that form the basis of its trade secrets claim." *K.C. Multimedia*, 171 Cal. App. 4th at 955 (citation omitted). Preemption can be found when "[b]ased on its own words, Plaintiff's unjust enrichment claim rests on the same nucleus of facts as its misappropriation of trade secrets claim." *Whiteslate, LLP v. Dahlin*, 2021 U.S. Dist. LEXIS 126540, at *32 (S.D. Cal. July 7, 2021). Benchling's restitution claim against

ArcX alleges ArcX's "improper receipt of Benchling's confidential and proprietary information." Compl. ¶ 76. Benchling's trade secret claim against ArcX alleges that ArcX "misappropriated Benchling's confidential and proprietary information" through "its acquisition of Benchling's confidential and proprietary information." Compl. ¶ 53. Both claims rest on the exact same nucleus of facts. The restitution claim is thus preempted.

To the extent the Court construes Count IV as a quasi-contract claim, it fails as well. Benchling does not allege that it conferred any benefit on ArcX or that ArcX retains a benefit at Benchling's expense, beyond the conclusory assertion that ArcX used information "to establish its credibility." Compl. ¶ 76. The only benefit Benchling alleges it conferred was compensation and access given to Mr. Parsan, Mr. Li, and HB 383, not to ArcX. Compl. ¶ 74. And the constructive trust Benchling seeks is a remedy, not a claim, and requires an identifiable thing wrongfully held; the Complaint identifies none. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 398 (2007) ("A constructive trust, however, is an equitable remedy, not a substantive claim for relief."); *see* Cal. Civ. Code §§ 2223-2224; Compl. ¶ 77.

c) <u>Benchling's Duty of Loyalty Claim Is CUTSA-Preempted.</u>

A claim for breach of duty of loyalty can also be preempted by CUTSA. "[W]here the allegation is that [a defendant] breached his duty of loyalty by disclosing trade secrets[,] [t]he claim for breach of fiduciary duty is based on the same operative facts and is therefore preempted by CUTSA." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, 2020 U.S. Dist. LEXIS 16368, at *40-41 (N.D. Cal. Jan. 31, 2020) (citations omitted). Where a plaintiff used "nearly identical language to that of its misappropriation of trade secrets claim," CUTSA preempted a duty of loyalty claim as "based on the same nucleus of facts as [the plaintiff's] misappropriation of trade secrets claim." *Whiteslate, LLP v. Dahlin*, 2021 U.S. Dist. LEXIS 126540, at *26.

Benchling alleges only that Mr. Parsan "breached this duty by misappropriating Benchling's proprietary and confidential information, and using such information in forming ArcX." Compl. ¶ 80. This remarkably threadbare assertion invokes the same language used to accuse Mr. Parsan of misappropriating Benchling's trade secrets: "Parsan improperly acquired and then misappropriated Benchling's confidential and proprietary information." Compl. ¶ 52.

Therefore, the duty of loyalty claim rests on the same operative facts as the trade secret claim and is CUTSA preempted.

Count V as pleaded rests solely on alleged misappropriation. Compl. ¶ 80. To that extent, it is preempted. No other allegations support Count V. Count V should be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss: (1) Count I against all Defendants; (2) Count II against Mr. Parsan, HB 383, and Mr. Li; and (3) Counts III, IV, and V. Because Counts III through V are preempted as a matter of law and cannot be cured by amendment, Defendants request that they be dismissed without leave to amend. This Motion is filed subject to the MTCA, which Defendants request the Court resolve first.

Dated: November 16, 2026

By: *_/s/ Jordan R. Jaffe_*

Jordan R. Jaffe
Stephanie C. Cheng
Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126

Attorneys for Defendants